IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-04044-SLD-JAG |
| | ) | |
| ONE HUNDRED SEVEN THOUSAND | ) | |
| FIVE HUNDRED TWENTY | ) | |
| ($107,520.00) IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff United States of America ("the Government") requests that the Court strike the Joint Claim and Answer of Adam Perry and Jennifer Perry ("the Perrys") to the $107,520.00 at issue in this case due to the Perrys' failure to respond to the Government's special interrogatories. For the following reasons, the Court GRANTS the Government's Motion to Strike Joint Claim and Answer Filed By Adam Perry and Jennifer Perry, ECF No. 7.

## BACKGROUND

On May 6, 2013, the Government filed this civil forfeiture suit for $107,520.00, allegedly traceable to drug activity, which was seized from the Perrys by an Illinois State Police trooper during a highway vehicle stop on October 25, 2012. Compl., ECF No. 1. The Government served the Perrys with notice of this civil forfeiture action via certified mail on May 13, 2013. Pl.'s Mot. Strike ¶ 2, ECF No. 7. On June 11, 2013, the Perrys, proceeding pro se, filed a Claim and Answer to Complaint ("Claim"), disputing the Government's allegations of illegal conduct and requesting return of the currency and other seized property. Claim, ECF No. 4.

According to the Government, on June 25, 2013, it sent the Perrys special interrogatories pursuant to Rule G of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("Rule G"), with answers due within 21 days of receipt. Pl.'s Mot. Strike ¶ 5. The special interrogatories asked the Perrys about "the identity of the claimant, the extent of the claim, [and] how the claimant earned or came into possession of the defendant." *Id.* at 3. After it received no response, the Government claims it followed up with inquiries on July 25, 2013, and August 12, 2013, also unanswered. On September 11, 2013, the Government moved to strike the Perrys' Claim pursuant to Rule G(8)(c) for failure to answer the Special Interrogatories. Pl.'s Mot. Strike 2–3. The Perrys have not responded to the Government's Motion to Strike.

## DISCUSSION

### I. Legal Standard

Rule G governs statutory forfeiture actions in rem. Among other requirements, a claim in a civil forfeiture proceeding must (1) identify the specific property claimed, (2) identify the claimant and state his or her interest in the property, (3) be signed under penalty of perjury, and (4) be served on the designated government attorney. 18 U.S.C. § 983(a)(2)(C); Rule G(5)(A)(i). Rule G(6)(a) permits the Government to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6)(b) requires that answers or objections to these interrogatories be served within 21 days of their receipt.

Rule G(8)(c)(i)(A) permits the Government to move to strike a claim or answer at any time before trial due to failure to comply with Rule G(6). *See United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 647 (7th Cir. 2013) (noting that the government can move to dismiss a

claim where claimant is unresponsive to Rule G(6) interrogatories); *United States v. $4,290.00 in U.S. Currency*, No. 12-3141, 2014 WL 859561, at *4 (C.D. Ill. Mar. 5, 2014) (striking claim for failing to adequately respond to Rule G special interrogatories and to comply with discovery orders and requests). The purpose of the Rule G(6) special interrogatories "is to smoke out fraudulent claims—claims by persons who have no colorable claims." *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013). The ability to strike such claims at the outset can prevent forfeiture proceedings from becoming bogged down. *See id.* at 653. The Advisory Committee Notes to Rule G(8) caution, however, that a court "should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects."

## II. Analysis

The Perrys' Claim fails to identify the specific property they seek; their most specific reference is their request for return of "all currency, vehicle and property." Claim 3. The Claim also does not state the nature of the Perrys' interest in the currency in dispute. The Government's special interrogatories sought to obtain these details, which are necessary for determining the Perrys' entitlement to the money. The Perrys' refusal to respond to the interrogatories and the Government's follow-up inquiries suggests not lack of awareness or capacity—after all, the Perrys promptly asserted their Claim to the currency—but of volition. Their failure to comply with the Rule G procedure justifies striking their claim pursuant to Rule G(8)(c)(i)(A).

Given the significant amount of time that has elapsed since the Perrys' first and last participation in these proceedings, granting additional time to comply is likely a futile endeavor. However, in light of both the Advisory Committee Notes' warning against hasty dismissal for failure to comply with Rule G(6) and the Perrys' pro se status, *see Donald v. Cook Cnty. Sheriff's Dep't*,

95 F.3d 548, 555 (7th Cir. 1996) (noting district courts' duty "to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds"), the Court finds that one more chance is appropriate. The Perrys' Claim is stricken. However, they have leave to file an amended Claim within 14 days if they also respond to the Government's special interrogatories or amend their Claim so as to state the details sought in those interrogatories.

## CONCLUSION

Plaintiff's Motion to Strike Joint Claim and Answer, ECF No. 7, is GRANTED. The Claim and Answer to Complaint, ECF No. 4, is STRICKEN. The Perrys may file an amended Claim within 14 days if they also respond to Plaintiff's special interrogatories or amend their Claim so as to state the details sought in those interrogatories.

Entered this 9th day of June, 2014.

_____s/ Sara Darrow_____
SARA DARROW
UNITED STATES DISTRICT JUDGE