E-FILED
Tuesday, 21 October, 2014  02:53:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-cv-04044-SLD |
| ) | |
| ONE HUNDRED SEVEN THOUSAND ) | |
| FIVE HUNDRED TWENTY ($107,520.00) ) | |
| IN U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is Claimants Adam and Jennifer Perry's Motion for Return of Property, ECF No. 10. For the following reasons, their Motion is DENIED.

On May 6, 2013, the Government filed this civil forfeiture suit for $107,520.00, allegedly traceable to drug activity, which was seized from the Perrys by an Illinois State Police trooper during a highway vehicle stop on October 25, 2012. Compl., ECF No. 1. The Government served the Perrys with notice of this civil forfeiture action via certified mail on May 13, 2013. Pl.'s Mot. Strike ¶ 2, ECF No. 7. On June 11, 2013, the Perrys, proceeding pro se, filed a Claim and Answer to Complaint ("Claim"), disputing the Government's allegations of illegal conduct and requesting return of the currency and other seized property. Claim, ECF No. 4.

According to the Government, on June 25, 2013, it sent the Perrys special interrogatories pursuant to Rule G of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("Rule G"), with answers due within 21 days of receipt. Pl.'s Mot. Strike ¶ 5. The special interrogatories asked the Perrys about "the identity of the claimant, the extent of the claim, [and] how the claimant earned or came into possession of the

1

defendant." *Id.* at 3. After it received no response, the Government claims it followed up with inquiries on July 25, 2013, and August 12, 2013, also unanswered. On September 11, 2013, the Government moved to strike the Perrys' Claim pursuant to Rule G(8)(c) for failure to answer the Special Interrogatories. Pl.'s Mot. Strike 2–3. The Perrys did not respond to the Government's Motion to Strike, which the Court granted on June 9, 2014. June 9, 2014 Order, ECF No. 9. The Court struck the Perrys' Claim without prejudice, permitting them to file an Amended Claim within 14 days if they also responded to the Government's Special Interrogatories or amended their Claim so as to state the details sought in those interrogatories. *Id.* at 4.

On July 8, 2014, the Perrys submitted a letter to the Court requesting that their property be returned because criminal charges based on the October 25, 2012 incident had not yet been filed against them. Their letter did not address the questions raised in the Government's Special Interrogatories. *See* Mot. Return Prop., ECF No. 10. The Government filed a response to this letter on July 15, 2014, in which it indicated that the Perrys still had not responded to the Special Interrogatories. Pl.'s Resp. to Mot. Return Prop. 2, ECF No. 11.

Among other requirements, a claim in a civil forfeiture proceeding must (1) identify the specific property claimed, (2) identify the claimant and state his or her interest in the property, (3) be signed under penalty of perjury, and (4) be served on the designated government attorney. 18 U.S.C. § 983(a)(2)(C); Rule G(5)(a)(i). Rule G(6)(a) permits the Government to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6)(b) requires that answers or objections to these interrogatories be served within 21 days of their receipt. The Court may strike a claim or answer at any time before trial due to failure to comply with Rule G(6). *See, e.g., United States v. $196,969.00 U.S. Currency*,

719 F.3d 644, 647 (7th Cir. 2013); *United States v. $4,290.00 in U.S. Currency*, No. 12-3141, 2014 WL 859561, at *4 (C.D. Ill. Mar. 5, 2014).

The Perrys continue to ignore this Court's directives. Their latest filing, which does not style itself or take the form of a Claim, does not address the subject matter of the Government's still-unanswered interrogatories. The Court made clear that the Perrys had to respond to the Special Interrogatories, either directly or through an Amended Claim, to preserve their claim to Defendant property. After their initial failures to both respond to the Special Interrogatories and to respond to the Government's Motion to Strike, the Court was under no obligation to give the Perrys yet another opportunity to make their case. Striking their claim is therefore even more appropriate after they spurned that opportunity.

However, in light of the Perrys' pro se status and apparent continued interest in the property at issue here, the Court will offer them one last chance. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (noting district courts' duty "to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds").

The Perrys' Motion for Return of Property, ECF No. 10, is DENIED. The Perrys have leave to file an amended Claim within 14 days if they also respond to the Government's Special Interrogatories or amend their Claim so as to state the details sought in those interrogatories. Filings that do not meet this requirement will not prevent the Court from striking their Claim.

Entered this 21st day of October, 2014.

                                                  s/ Sara Darrow
                                                  SARA DARROW
                                        UNITED STATES DISTRICT JUDGE