UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$107,520.00 in UNITED STATES CURRENCY,

    Defendant.

No. 4:13-cv-04044-SLD

ORDER

The United States has moved for entry of default judgment in this civil asset forfeiture proceeding. ECF No. 18. The motion is GRANTED.

Default must be entered against a party from "whom a judgment for affirmative relief is sought [but] has failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), and, in its discretion, a district court may grant a party's subsequent motion for default judgment, Fed. R. Civ. P. 55(b); *see also In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); Charles Alan Wright et al., 10A Federal Practice and Procedure §§ 2684–2685 (3d ed.). A default judgment establishes a defendant's liability as a matter of law. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

According to the verified complaint, the defendant currency was riding in a truck driven by Adam Perry. An Illinois state policeman pulled the truck over on Interstate 80, and a dog trained to detect drugs or currency signaled that the truck might have drugs or currency in it. Police searched the truck and found money "hidden underneath clothing in the lining of" a suitcase that was "inside the rear passenger door." The police also found "two black duffel bags,

two vacuum sealers, two one-gallon plastic ice cream tubs and an electronic scale" in the truck. One of the duffel bags "smelled strongly of raw cannabis," and the other duffel bag "was filled with large vacuum sealer bags, permanent markers, masking tape and desiccant packets." Also found in the truck were a collapsible baton and a loaded pistol.

The government provided direct notice of the forfeiture action to Adam Perry and his wife Jennifer. ECF No. 2. The government further provided notice of the forfeiture action via publication on an official government website. *See* ECF No. 8. Accordingly, the government has facially complied with the notice requirements contained in Supplemental Rule G(4).

The Perrys filed a claim to the defendant currency. ECF No. 4. The Court struck that claim on the government's motion because the Perrys did not answer the government's special interrogatories. *See* June 9, 2014 Order. The Court has repeatedly instructed the Perrys that, if they sought to challenge the forfeiture, they must comply with the rules and statutes that govern forfeiture procedure. They did not comply. The Court therefore struck any filing of the Perrys that could have been construed as a claim to the currency, *see* July 11, 2016 Order, and subsequently granted the government's motion for entry of default because no other claims had been filed.

The government has provided notice of this action, and no live claims to the defendant currency remain.  Accordingly, the Court GRANTS the government's motion for default judgment, ECF No. 18, pursuant to Federal Rule of Civil Procedure 55(b), and enters a judgment of forfeiture in this action.  *See United States v. $11,491.00*, No. 10-01064, 2010 WL 4569951 (C.D. Ill. Oct. 29, 2010) ("As no potential claimants have appeared in this lawsuit despite proof of proper publication and service, the Court finds it appropriate to grant the Motion for Default Judgment.").  The Clerk is directed to enter judgment and close the case.

Entered August 15, 2016.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
